IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

DALE YLITALO, et al.

      *Plaintiffs*,

v.

AUTOMATIC DATA PROCESSING, INC., et al.

      *Defendants.*

Case No.: 2:24-cv-55-SPC-NPM

**DISCLOSURE STATEMENT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 7.1 AND LOCAL RULE 3.03**

Pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 3.03, Plaintiffs Dale Ylitalo and R4 Construction, LLC, make the following disclosure(s).

1. If the filer is a nongovernmental corporate party or a nongovernmental corporation that seeks to intervene, identify any parent corporation and any publicly held corporation owning 10% or more of its stock or state there is no such corporation:

   No such corporation.

2. If this is an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), name and identify the citizenship of every individual or entity whose citizenship is attributed to the filing party or intervenor: [To identify the

citizenship of a partnership, LLC, or other unincorporated entity, a party must list the citizenships of all members or partners of that entity.[1]]

Not applicable.

3. Identify each person—including each lawyer, association, firm, partnership, corporation, limited liability company, subsidiary, conglomerate, affiliate, member, and other identifiable and related legal entity—that has or might have an interest in the outcome:

Not applicable.

4. Identify each entity with publicly traded shares or debt potentially affected by the outcome:

Defendant Automatic Data Processing

5. Identify each additional entity likely to actively participate, including in a bankruptcy proceeding the debtor and each member of the creditors' committee:

Not applicable

6. Identify each person arguably eligible for restitution:

Not applicable

☒ I certify that, except as disclosed, I am unaware of an actual or potential conflict of interest affecting the district judge or the magistrate judge in this action, and

---

[1] See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Where a member of the party is also an unincorporated entity, its members must also be identified continuing on through however many layers of partners or members there may be. See Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1220 (11th Cir. 2017); D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125-27 (1st Cir. 2011).

I will immediately notify the judge in writing within fourteen days after I know of a conflict.

Respectfully Submitted,

**PARRISH & GOODMAN, PLLC**

*/s/ Robert H. Goodman, Esq.*
ROBERT H. GOODMAN, ESQ.
FBN: 1008059
JOSEPH. PARRISH, ESQ.
FBN: 690058
Parrish & Goodman, PLLC
13031 McGregor Blvd., STE 8
Telephone: (813) 643-4529
rgoodman@parrishgoodman.com
jparrish@parrishgoodman.com
kcumbee@parrishgoodman.com
*Counsel for Plaintiff*

*/s/ William B. Federman*
William B. Federman*
Jessica A. Wilkes*
FEDERMAN & SHERWOOD
10205 N Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
wbf@federmanlaw.com
jaw@federmanlaw.com
*Request for Pro Hac Vice Forthcoming*