# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**DALE YLITALO**, and
**R4 CONSTRUCTION, LLC**,

    Plaintiffs,

v.                                                                             2:24-cv-55-SPC-NPM

**AUTOMATIC DATA PROCESSING, INC.**, and
**AMERICAN CENTURY INVESTMENT SERVICES, INC.**,

    Defendants.

---

## ORDER GRANTING TEMPORARY STAY OF DISCOVERY

In this putative securities class action, plaintiffs Dale Ylitalo and R4 Construction, LLC assert claims against defendants Automatic Data Processing, Inc. ("ADP") and American Century Investment Services, Inc. ("ACI") arising under the Securities Exchange Act of 1934, as well as other federal and state laws. (Doc. 1). ADP and ACI responded by filing motions to dismiss (Docs. 40, 44), and now move pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), to stay all deadlines pertaining to the Rule 26(f) discovery conference, submission of the Case Management Report, and attendance at the Rule 16 conference, as well as all discovery. (Docs. 34, 39). Plaintiffs do not oppose defendants' requests, but they assert that a formal order from the court is not necessary in this instance since a stay is mandated under the PSLRA. (Doc. 41 at 3).

The motions to stay, as well as plaintiffs' assertion as to the court's intervention, are well taken. The PSLRA applies to private actions, when as here, the plaintiffs allege violations of the Securities Exchange Act of 1934. *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 631 n.3 (11th Cir. 2010). "Pursuant to the PSLRA, 'all discovery and other proceedings[1] shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.'" *Edge v. Tupperware Brands Corp.*, No. 6:22-cv-1518-RBD-LHP, 2022 WL 6726758, *1 (M.D. Fla. Oct. 11, 2022) (quoting 15 U.S.C. § 78u-4(b)(3)(B) (footnote added)). "Thus, the Court does not have discretion to impose the stay because the provision is mandatory." *Hind v. Fxwinning Ltd.*, No. 23-23139-cv-Scola, 2024 WL 1138426, *1 (S.D. Fla. Mar. 13, 2024); *see also Rensel v. Centra Tech. Inc.*, 2 F.4th 1359, 1362 (11th Cir. 2021) (recognizing that the filing of a motion to dismiss triggers an automatic stay on "all discovery and other proceedings" under the PSLRA). Because the PSLRA applies to this matter, and there is no suggestion that any discovery is necessary to preserve evidence or prevent undue prejudice, ADP and ACI's motions are granted.

---

[1] The "other proceedings" provision has been read to include litigation activity relating to discovery. *Rensel v. Centra Tech, Inc.*, No. 1:17-cv-24500, 2019 WL 3429149, *1 (S.D. Fla. Mar. 8, 2019), *report and recommendation adopted*, 2019 WL 3429128 (May 1, 2019).

Accordingly, the court grants ADP and ACI's motions for temporary stay of *all* discovery pursuant to the PSLRA, acknowledging that a mandatory and automatic stay is currently in place.[2] Until every defendant has filed an answer, the parties are relieved from their obligations to (1) convene a Rule 26(f) discovery conference; (2) submit a Case Management Report[3]; and (3) attend a Rule 16 conference.

**ORDERED** on March 22, 2024.

NICHOLAS P. MIZELL
United States Magistrate Judge

---

[2] In the future, the parties may jointly file a notice of PSLRA stay and obtain the same relief obtained by the motions here. One way or another, the court needs to be apprised of any basis to depart from its routine case-management practices.

[3] The court recognizes that the parties have already convened for a Rule 26(f) conference and prepared a case management report (Doc. 48). Nevertheless, upon resolution of the motions to dismiss, and after defendants file their answers, the parties will need to reconvene to prepare and submit an updated case management report in compliance with Local Rule 3.02.